441 F.3d 1029
 The ATTORNEY GENERAL OF GUAM, Plaintiff-Appellant,
v.
William R. THOMPSON, in his official capacity as Executive Manager of Guam Airport Authority, Defendant-Appellee.
The Attorney General of Guam, Plaintiff-Appellee,
v.
William R. Thompson, in his official capacity as Executive Manager of Guam Airport Authority, Defendant-Appellant.
 No. 03-15823.
 No. 03-15999.
 United States Court of Appeals, Ninth Circuit.
 March 2, 2006.
 
 Douglas Moylan, Esq., Eric A. Heisel, Hagatna, GU, for Plaintiff-Appellant.
 Robert M. Weinberg, Esq., David A. Mair, Esq., Mair, Mair, Space & Thompson, P.C., Hagatna, GU, for Defendant-Appellee.
 Before DOROTHY W. NELSON, CONSUELO M. CALLAHAN, and CARLOS T. BEA, Circuit Judges.
 
 ORDER
 
 1
 Subsequent to the issuance of our opinion affirming the district court's dismissal of the Attorney General of Guam's action, but prior to the our consideration of his petition for rehearing, the Supreme Court denied certiorari to review the final decision of the Guam Supreme Court in A.B. Won Pat Guam International Airport Authority v. Moylan, 2005 WL 291577 (Guam Terr.,2005). Moylan v. A.B. Won Pat Guam International Airport Authority, ___ U.S. ___, 126 S.Ct. 338, 163 L.Ed.2d 50 (2005). The Supreme Court's denial of certiorari concluded the litigation in the Guam courts that was parallel to this federal action. The district court's decision to abstain and to dismiss this federal action was based on that pending action in the Guam courts. This appeal is from that decision.
 
 
 2
 We are of the opinion that the Supreme Court's denial of certiorari in Moylan v. A.B. Won Pat Guam International Airport Authority moots the underlying litigation. The underlying questions concerning the interpretation of the 1998 Amendment to the Guam Organic Act have been resolved. Accordingly, as a matter of prudence, we hereby withdraw our August 16, 2005 opinion, vacate the district court's April 1, 2003 decision dismissing the Attorney General's action, and remand the case to the district court to dismiss the action as moot.
 
 
 3
 The pending petition for rehearing and suggestion for rehearing en banc are denied without prejudice to the filing of a petition for rehearing from this order.